IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NIRA MEDICAL CAPITAL HOLDINGS, L.P., | § | |
| Plaintiff, | § | |
| v. | § | 1:26-CV-559-RP |
| TERRY PEERY, D.O., and JENNIFER PEERY, | § | |
| Defendants. | § | |

**ORDER**

Before the Court is Plaintiff Nira Medical Capital Holdings, L.P.'s ("Plaintiff") Motion for Leave to File an Amended Complaint. (Dkt. 16). This case, filed on March 6, 2026, concerns a commercial dispute pertaining to the sale of a medical practice and the fallout between the parties from an employment dispute after that sale. (*See* Compl., Dkt. 1). Plaintiff brings claims against Defendants Dr. Terry Peery ("Dr. Peery") and Jennifer Peery ("Mrs. Peery") (together, "Defendants"). (*Id.*). Now, Plaintiff seeks leave to file an amended complaint to (1) add claims for violations of the Texas Uniform Trade Secrets Act, Lanham Act, and common law unfair competition; and (2) remove a claim for breach of employment contract. (Mot., Dkt. 16, at 1).

## I. LEGAL STANDARD

The Federal Rules of Civil Procedure permit a party to amend its pleading "once as a matter of course" within twenty-one days of serving the pleading or being served with a responsive pleading or a motion under Rule 12, but afterwards "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)–(2). Courts are directed to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend."

*Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) (citation and internal quotation marks omitted). "[A]bsent a 'substantial reason' such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, 'the discretion of the district court is not broad enough to permit denial.'" *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).

## II. DISCUSSION

Here, Plaintiff does not contend that it may amend as a matter of course, as more than twenty-one days have passed since Plaintiff's original pleading was served and since Plaintiff was served with any relevant responsive pleading. *See* Fed. R. Civ. P. 15(a)(1). Thus, Plaintiff seeks the Court's leave to amend. *See id.* (a)(2). Plaintiff argues that its proposed amendments are "timely, made in good faith, and will not prejudice the Defendants or impact the proposed Agreed Scheduling Order." (Mot., Dkt. 16, at 1). In response, Defendants contend that Plaintiff has engaged in undue delay; Plaintiff's amended complaint would result in undue prejudice; and Plaintiff's proposed amendments would be futile. (Resp., Dkt. 19, at 5).

The Court finds that there is no substantial reason to deny leave and that it is in the interest of justice to allow Plaintiff to file its amended complaint. (Mot., Dkt. 16, at 2–3). The parties submitted a Proposed Scheduling Order on May 18, 2026, which set July 2, 2026 as the deadline for filing all motions to amend or supplement pleadings or to join additional parties. (Proposed Scheduling Order, Dkt. 12-1, at 1). Plaintiff moved for leave to amend its complaint on July 1, 2026. (Dkt. 16). The Initial Pretrial Conference for this case is scheduled for August 10, 2026. (Order, Dkt. 13). The parties have exchanged initial disclosures, but no other discovery has been conducted. (Mot., Dkt. 16, at 3). Accordingly, the Court agrees that Plaintiff's motion is timely. While the Cout acknowledges Defendants' point that Plaintiff has been aware of the facts that support its new

claims since at least mid-January 2026, (Resp., Dkt. 18, at 5), this is Plaintiff's first request to amend the pleadings, and Plaintiff made this motion within the deadline set by the parties themselves. Further, the Initial Pretrial Conference in this case has yet to occur; thus, the Proposed Scheduling Order has yet to be entered and the Court must follow Federal Rule of Civil Procedure 15(a)(2)'s liberal standard of "freely giv[ing] leave [to amend] when justice so requires."

The Court further concludes that Defendants have not offered persuasive arguments to support their contentions of undue prejudice and futility resulting from Plaintiff's proposed amended complaint. A proposed amendment is futile if it fails to state a claim upon which relief could be granted. *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). Therefore, in determining futility, this Court will apply the "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.* The Court finds that Defendants' arguments challenging the viability of Plaintiff's proposed new claims fall short of the standard of Rule 12(b)(6)—Defendants do not sufficiently contend that Plaintiff did not state plausible claims upon which relief can be granted. If Defendants wish to fulsomely challenge Plaintiff's proposed new claims, they may do so through future motion practice. And, given that Plaintiff's amended complaint removes the claim which is the subject of Mrs. Perry's Motion to Dismiss, (Dkt. 8), the Court finds that granting leave to amend is particularly appropriate.

Accordingly, the Court does not find a substantial reason to deny leave, especially given the relative infancy of this case and the fact that Plaintiff filed its motion within the deadline for amended pleadings set by the parties themselves. Given these findings, and Rule 15's "bias in favor of granting leave to amend," the Court will grant Plaintiff's Motion. *See Lyn–Lea Travel Corp.*, 283 F.3d at 286; *Mayeaux*, 376 F.3d at 425. Finally, the Court will set a deadline for the parties to file a revised proposed scheduling order, if they see fit, before the upcoming Initial Pretrial Conference.

The parties may raise any issues regarding the deadlines in their case at the Initial Pretrial Conference.

## III. CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint, (Dkt. 16), is **GRANTED**. **IT IS FURTHER ORDERED** that the Clerk of Court shall file Plaintiff's First Amended Complaint, (Dkt. 16-2), on the docket.

**IT IS FURTHER ORDERED** that the parties may file a revised proposed scheduling order on or before **August 5, 2026**.

**IT IS FINALLY ORDERED** that, in light of Plaintiff's First Amended Complaint, Defendant Jennifer Peery's Motion to Dismiss, (Dkt. 8), is **MOOT**.

**SIGNED** on July 27, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE